# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| LONNIE VANN WRIGHT, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | 1:07CV668 |
| v. | ) | 1:05CR131-1 |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

**ORDER AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**

Petitioner Lonnie Vann Wright, a federal prisoner, has brought a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. (Docket No. 21.)[1] Petitioner was originally indicted on a single count of distribution of 22.4 grams of cocaine base in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B). (Docket No. 1.) Petitioner later pled guilty to this charge. (Docket Nos. 11, 12.) On October 28, 2005, a judgment was entered sentencing Petitioner to 188 months of imprisonment. (Docket No. 13.) Petitioner did not file a timely appeal. However, he did file what was construed as a *pro se* notice of appeal on January 11, 2007. (Docket No. 15.) This was later dismissed on April 13, 2007. (Docket Nos. 19, 20.) Petitioner dated the current motion on August 30, 2007 and it was received by the Court on September 4, 2007. Respondent now moves to have it dismissed. (Docket No. 25.)

---

[1]This and all further cites to the record are to the criminal case.

Petitioner has responded to the motion (Docket No. 27) and the matter is now before the Court for a ruling. *See* Rule 8, Rules Governing Section 2255 Proceedings.

## Discussion

Respondent requests dismissal on the ground that the motion was filed[2] outside of the one-year limitation period imposed by the Antiterrorism and Effective Death Penalty Act of 1996, P.L. 104-132 ("AEDPA"). 28 U.S.C. § 2255. The AEDPA amendments apply to all motions filed under § 2255 after their effective date of April 24, 1996. *Lindh v. Murphy*, 521 U.S. 320 (1997). Interpretations of 28 U.S.C. §§ 2244(d)(1) and 2255 have equal applicability to one another. *Sandvik v. United States*, 177 F.3d 1269, 1271 (11th Cir. 1999).

Under subsection one of the portion of § 2255 setting out the limitation period, the limitation period runs from the date when the judgment of conviction became final. Where a petitioner files a timely appeal, finality has been construed to mean when the petitioner may no longer seek further review because of (1) the denial of a petition for certiorari to the United States Supreme Court; or, (2) the expiration of the time for seeking such review. *Clay v. United States*, 537 U.S. 522 (2003). Where no direct appeal is filed, the conviction becomes final when the ten-day notice of appeal period expires. *Id.*; Fed. R. App. P. 4(b).

Here, Petitioner did not file a timely appeal. Therefore, his conviction became final ten days after his judgment was entered on October 28, 2005. His one-year period to file his

---

[2] A Section 2255 motion is filed by a prisoner when the motion is delivered to prison authorities for mailing. *Adams v. United States*, 173 F.3d 1339, 1341 (11th Cir. 1999).

§ 2255 motion began to run and, according to Respondent, expired on November 15, 2006. Although Petitioner raises other arguments opposing the motion to dismiss, he has not disputed this date as the date his time period would have run absent other events which will be discussed below. Petitioner's motion was not filed until, at the earliest, August 30, 2007. This is well beyond the expiration of the one-year time period set out in subsection one.[3] Only if another subsection gives Petitioner more time to file will his motion be timely.

Subsection two requires an unlawful governmental action which prevented Petitioner from filing his § 2255 motion. Petitioner fails to allege or show that any unlawful governmental action prevented him from filing this motion. Therefore, subsection two does not give Petitioner a longer limitation period.

Subsection three allows the limitation period to run from the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized and made retroactively applicable to cases on collateral review. Petitioner does not allege that he is relying upon any such right. This subsection does not apply.

Subsection four allows the limitation period to run from the date on which the facts supporting the claims presented could have been discovered through the exercise of due diligence. Petitioner's claims in his motion are based on facts that existed and could have been known to him through the exercise of due diligence well more than a year before his

---

[3]Petitioner did file a belated appeal. However, the filing of an appeal after AEDPA's one-year time limit has already run does not revive or restart the AEDPA time limit. *Minter v. Beck*, 230 F.3d 663 (4th Cir. 2000).

-3-

motion was filed.[4] Therefore, this subsection also does not apply and Petitioner's motion is untimely.

Petitioner does not appear to assert that his motion is timely under any of the analyses set out above. Instead, he requests that it be deemed timely through the application of equitable tolling. The Fourth Circuit and a number of other courts have held that the one-year limitation period is subject to equitable tolling. *Harris v. Hutchinson*, 209 F.3d 325 (4th Cir. 2000); *Sandvik*, 177 F.3d at 1271 (collecting cases). Equitable tolling may apply when the petitioner has been unable to assert claims because of wrongful conduct of the government or its officers. A second exception is when there are extraordinary circumstances, such as when events are beyond the prisoner's control and the prisoner has been pursuing his rights diligently. *Pace v. DiGuglielmo*, 544 U.S. 408 (2005); *Harris*, 209 F.3d 325; *Akins v. United States*, 204 F.3d 1086 (11th Cir. 2000). Circumstances beyond a prisoner's control occur if he has been prevented in some extraordinary way from exercising his rights. *See Smith v. McGinnis*, 208 F.3d 13 (2d Cir. 2000). This might occur where a prisoner is actively misled or otherwise prevented in some extraordinary way from exercising his rights. *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999). On the other hand, unfamiliarity with the legal process, lack of representation, or illiteracy does not constitute grounds for equitable tolling. *Harris*, 209 F.3d 325; *Turner v. Johnson*, 177 F.3d 390, 392

---

[4]Petitioner's diligence and the nature or what he did know or could have known will be discussed in further detail below in the section of this recommendation addressing equitable tolling.

(5th Cir. 1999). Likewise, mistake of counsel does not serve as a ground for equitable tolling. *Taliani v. Chrans*, 189 F.3d 597 (7th Cir. 1999); *Sandvik*, 177 F.3d at 1272. Nor are prison conditions, such as lockdowns or misplacement of legal papers, normally grounds for equitable tolling. *Akins*, 204 F.3d 1086. Waiting years to raise claims in state court and months to raise them in federal court shows lack of due diligence. *Pace*, 544 U.S. 408.

Here, Petitioner seeks equitable tolling based on an allegation that his former attorney, George Crump, misled him by making him believe that an appeal had been filed, when, in fact, it had not been. According to Petitioner, he told Crump on the day of his sentencing, September 27, 2005, that he wanted to file an appeal. He claims that Crump did not want to file the appeal, but eventually agreed to file it anyway. Crump allegedly told Petitioner that it would take "several months" for anything to happen in the appeal process. (Docket No. 21, Attach. I, Decl. of Lonnie V. Wright, ¶¶ 22, 23.)

After reaching prison, Petitioner states that he attempted to call Crump, but was unable to do so because his collect calls were not accepted by Crump's automated answering system. Petitioner then had his mother attempt to call Crump. (*Id*. ¶¶ 24, 25.) According to Petitioner's mother, she felt Crump had done little for her son and she called to "make sure he would do his job." *(Id.*, Ex. A, Aff. of Cassandra Wright, ¶ 10.) She claims that she told Crump that her son wanted to appeal. He was allegedly rude to her, told her that he did not have to speak with her, and said that he would only speak with her son about the case. (*Id*.) Petitioner adds that he then attempted to write Crump four times over the next several

months, but never received a response. (*Id.*, Attach. I, ¶ 26.) In January of 2007, he finally wrote a letter to this Court inquiring about his appeal. (Docket No. 15.) This was construed as a *pro se* notice of appeal. Petitioner's unsuccessful appeal process continued for a little more than three months. He then filed his § 2255 motion approximately four and a half months after that.

Accepting Petitioner's allegations as true, which the Court must at this stage of proceedings, he is still not entitled to equitable tolling. Petitioner alleges that his attorney informed him that he would file an appeal and that the process would take several months. The Court assumes without deciding that being actively misled by one's attorney regarding the appeal process might be a circumstance that could result in equitable tolling in the proper situation. However, there is a second necessary component to equitable tolling. A petitioner must show due diligence throughout the process. Petitioner fails to show that he has been diligent in pursuing his rights.

Petitioner's first lack of diligence was being slow to discover that no appeal had been filed. He claims that he began to contact Crump soon after his arrival in federal prison. It is not clear why he would do this if he did actually believe an appeal had been filed and that he could not expect anything for several months but, in any event, he knew right away that Crump was not responding to him. Petitioner then decided to have his mother call Crump. It is not clear when this was done. However, it either occurred a fairly short period of time after Petitioner arrived in federal prison and realized he could not call Crump, or Petitioner

-6-

Case 1:05-cr-00131-NCT   Document 29   Filed 03/03/08   Page 6 of 9

showed a lack of diligence. Crump was then allegedly rude to Petitioner's mother and refused to talk to her. If so, this should have been a clear sign that something was amiss at that time. Again, if Petitioner was diligent to that point, this would have occurred not long after his sentencing in September of 2005. Petitioner then states that he tried to write Crump four times over a period of several months with no response. Petitioner gives no reason why he wrote this many times or, more importantly, why it took him several months to write four times.

All in all, more than fourteen months elapsed between the entry of Petitioner's judgment and his first inquiry to this Court regarding his appeal. Although the process described above would take some amount of time even if conducted diligently, Petitioner states that he began his attempts to contact Crump soon after arriving in prison. Allowing several more months for the process to play out and still be deemed diligent, Petitioner could easily have written and discovered that no appeal had been filed well prior to the expiration of his one-year filing period in November of 2006. Also, Crump's alleged refusal to take his calls or speak to his mother should have been a clear warning that something was wrong and that Petitioner needed to make prompt inquiries into the matter. Instead, he admittedly allowed several more months to pass while allegedly making a few more fruitless inquiries to Crump. Finally, after contacting the Court and discovering that no appeal had been filed, Petitioner did not file his § 2255 motion for over seven more months. Admittedly, he was

-7-

pursing an untimely appeal for three months of this time, but he still waited four and a half months to file his § 2255 motion following the dismissal of his appeal.

In the end, Petitioner was not diligent in contacting Crump. Although a number of attempts were made, they spanned the better part of fourteen months, when they could have been made much faster. Also, Petitioner allegedly continued trying to contact Crump for months after it should have been apparent to him that an appeal had likely not been filed and that Crump was not actively working on his case. Whether in prison or not, clients must often monitor their attorneys and take action themselves when necessary. *United States v. Bahena*, 524 F. Supp. 2d 1027, 1030 (N.D. Ill., 2007). Petitioner later failed to show diligence after discovering with certainty that no appeal had been filed. *Coleman*, 184 F.3d at 403 (no tolling for prisoner who waited six months to file after receiving applicable notice). For these reasons, Petitioner has not shown the diligence necessary to establish that his case presents an "extraordinary circumstance" where the sparingly applied doctrine of equitable tolling should be used. *Pace*, *supra*; *Bahena, supra*. He is not entitled to equitable tolling and his § 2255 motion should be dismissed for being untimely.

There is one final matter. Petitioner recently filed a motion to receive free transcripts of the proceedings in his case. (Docket No. 28.) Because his § 2255 motion is untimely and should be dismissed, the motion for transcripts should also be denied.

**IT IS THEREFORE RECOMMENDED** that Respondent's motion to dismiss (Docket No. 25) be granted, that Petitioner's motion to vacate, set aside or correct sentence (Docket No. 21) be dismissed, and that this action be dismissed. **IT IS FURTHER ORDERED** that Petitioner's motion for transcripts (Docket No. 28) is **DENIED.**

                              /s/ P. Trevor Sharp
                      United States Magistrate Judge

Date: March 3, 2008